STATE OF NORTH CAROLINA
COUNTY OF DURHAM

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 26CV00_____-310

DR. ROBERT D. FREEDLAND, DDS, P.A., *on behalf of itself and all others similarly situated*,

Plaintiff,

v.

ELAVON, INC. and PAYCHEX, INC.,

Defendants.

**CLASS ACTION COMPLAINT**
**(JURY TRIAL DEMANDED)**

---

## INTRODUCTION

1. Plaintiff Dr. Robert D. Freedland, DDS, P.A. ("Plaintiff" or "Freedland") brings this class action on behalf of all persons and/or entities operating in the State of North Carolina that, at any time within the applicable limitations period, (a) were operating as a sole proprietorship, partnership, limited liability company, professional association, corporation, or other business organization with fewer than 500 employees; and (b) were assessed, invoiced, or billed any "PCI DSS," "Non-PCI," "Safe-T," or "Other Fee" by Elavon, Inc., or Paychex, Inc., in connection with merchant card-processing services.

2. Defendants jointly provided credit- and debit-card processing services to Plaintiff's dental practice and other small businesses. Without clear disclosure or valid authorization, Defendants systematically charged "PCI DSS Compliance," "Non-PCI Charge," "Safe-T SMB Fee," or "Other Fees" reaching approximately $95 per month per merchant.

3. These recurring junk fees were deceptive, unjustified, and contrary to Defendants' own service agreements and North Carolina law. They were assessed to thousands of small businesses statewide who lacked bargaining power or notice.

4. Plaintiff seeks monetary, declaratory, and injunctive relief for violations of the North Carolina Unfair and Deceptive Trade Practices Act, breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment.

## PARTIES

5. Plaintiff Dr. Robert D. Freedland, DDS, P.A., is a professional association organized under the laws of North Carolina with its principal place of business at 212 Highway 87 North, Riegelwood, North Carolina 28456. Plaintiff employed far fewer than 500 persons during the relevant period.

6. Defendant Elavon, Inc., is a Georgia corporation with principal offices at Two Concourse Parkway, Suite 800, Atlanta, Georgia 30328, and operational facilities at 7300 Chapman Highway, Knoxville, Tennessee. Elavon is a subsidiary of U.S. Bank National Association and conducts substantial business in North Carolina, including in Durham County.

7. Defendant Paychex, Inc., is a Delaware corporation headquartered at 911 Panorama Trail South, Rochester, New York. Paychex markets Elavon's merchant-processing services to small businesses throughout North Carolina, including in Durham County, and co-sponsors the billing and service relationship with Elavon.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Defendants under GEN. STAT.§ 1-75.4 and the Fourteenth Amendment's Due Process Clause because their contracts with Plaintiff were executed in the state of North Carolina, because the commerce constituting the subject of the contracts was solely in North Carolina, because both Defendants regularly conduct business in this State, and because the breaches of contracts and other legal violations giving rise to this action occurred in North Carolina.

9. Venue is proper in this Court under N.C. GEN. STAT. § 1-80, because both Defendants regularly conduct substantial business in Durham County, and a substantial part of the events giving rise to these claims occurred here.

## FACTUAL ALLEGATIONS

### A. Merchant Relationship

10. Plaintiff contracted with Defendants to process card payments for his dental practice in Riegelwood, North Carolina.

11. The initial merchant agreement disclosed ordinary processing and transaction fees applicable to Visa, MasterCard, Discover and JCB, including gateway services, account maintenance and support, hardware and operational fees and assessment fees, but made no mention of recurring "PCI Compliance" or "Safe-T" program charges.

12. Beginning in 2018 and continuing through 2024, Plaintiff's monthly statements reflected a total of about $94.99 in "Other Fees," composed of "NONPCI CHG – $74.99," "MNTHLY FEE – $8.00," and "SAFET SMB S – $12.00."

13. When Plaintiff inquired, Defendants vaguely explained that these charges related to the Payment Card Industry Data Security Standard (PCI DSS)—which they described as a private industry rule set maintained by Visa and Mastercard—but offered no instruction or assistance to validate compliance.

### B. The 2020 "Notice"

14. In June 2020, Defendants embedded a small-print notice in Plaintiff's monthly billing statement titled "News for You." It claimed: "Effective July 2020, we will no longer charge a PCI non-compliance fee. You will be charged a standard monthly PCI fee of $74.99…."

15. The statement promised "no change to the net price you will pay—just a change to how fees are presented," omitting that merchants could decline the service or that the fees were purely internal penalties.

16. The supposed "notice" was not a valid amendment or disclosure; it failed to specify the purpose, duration, and consent requirements for the new charge.

C. The 2023 Electronic Contract

17. On January 27, 2023, a Paychex representative sent Plaintiff a pre-populated "Company Application" through DocuSign. Plaintiff does not recall viewing or signing it and did not receive a copy of the Terms of Service incorporated by a hyperlink, which led to a 51 page document that made no mention of imposing monthly PCI DSS non-compliance fees on merchants, without providing them with anything of value in return

18. The 2023 pre-printed application inserted a $74.99 monthly PCI Program Fee and a purportedly mandatory arbitration clause, neither previously included in the parties' merchant agreement.

19. Even if otherwise valid, that agreement does not retroactively authorize Defendants' earlier illegal charges.

## CLASS ALLEGATIONS

20. Plaintiff brings this action pursuant to Rule 23(a), (b)(3) of the North Carolina Rules of Civil Procedure on behalf of:

> **North Carolina Small Business Merchant Class:**
>
> All persons, whether natural persons or business entities, operating in the State of North Carolina that, at any time after four years before the initiation of this action, (a) had fewer than 500 employees; and (b) were assessed, invoiced, or billed any

"PCI DSS," "Safe-T," "Non-PCI," or "Other Fee" by Elavon, Inc., or Paychex, Inc., in connection with merchant card-processing services.

21. Excluded from the Class are Defendants, their parents, subsidiaries, affiliates, officers and directors, and any judicial officers assigned to this matter.

22. The Class comprises hundreds or, more likely, thousands of small businesses statewide; joinder of all members is impracticable.

23. Common questions include

a. Whether Defendants imposed the PCI-related fees without contractual authorization;

b. Whether the 2020 statement notice constituted adequate disclosure;

c. Whether Defendants' conduct constitutes unfair and/or deceptive trade practices in violation of N.C. GEN. STAT. § 75-1.1;

d. Whether Defendants were unjustly enriched; and

e. The proper measure(s) of monetary and injunctive relief.

24. These common questions predominate over any individualized questions.

25. Plaintiff's claims are typical of those of the Class, arising from the same uniform practices.

26. Plaintiff will fairly and adequately protect the Class and is represented by experienced class-action counsel.

27. Class treatment is superior to individual litigation because (1) individual losses are modest in relation to aggregate losses and in relation to the cost and expense of prosecuting this litigation, and (2) common questions predominate.

## CAUSES OF ACTION

## COUNT I

## Violations of the North Carolina Unfair and Deceptive Trade Practices Act (N.C. GEN. STAT. § 75-1.1 *et seq.*)

28. Plaintiff repeats and realleges all preceding , as if fully set forth herein, by reference.

29. Defendants engaged in unfair and deceptive acts and practices by misrepresenting and concealing material facts relating to mandatory fees and by unilaterally adding charges without Plaintiff and Class members consenting or even being aware.

30. Such conduct offends established public policy and caused financial injury to Plaintiff and Class members.

31. Plaintiff and the Class are entitled to recover treble damages and attorneys' fees under N.C. GEN. STAT. § 75-16 and § 75-16.1.

## COUNT II

## Breach of Contract

32. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein, by reference.

33. Defendants' original standard merchant agreement with each Class member provided for specified amounts of fees, and those did not include or authorize the challenged fees described above.

34. By assessing and collecting these challenged fees, Defendants breached their agreements with each respective Class member.

35. As a result, Plaintiff and Class members suffered substantial monetary loss and are entitled to damages.

**COUNT III**
**Breach of the Implied Covenant of Good Faith and Fair Dealing**

36. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein, by reference.

37. As parties to the merchant agreements, Defendants were bound by the implied covenant of good faith and fair dealing, that they would do nothing to frustrate Plaintiff's purpose of entering into the agreements or prevent Plaintiff from enjoying the benefits for which it contracted.

38. As set forth above, Defendants breached the covenant of good faith and fair dealing by acting to deprive Plaintiff of its right to enjoy the benefits of the agreements and to deprive Plaintiff of the fruits of its bargain.

39. Plaintiff sustained damages as a result of Defendants' breaches of the implied covenant of good faith and fair dealing.

**COUNT IV**
**Unjust Enrichment (in the alternative)**

40. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein by reference

41. If no enforceable contract governs the disputed charges, Defendants were unjustly enriched by retaining money wrongfully taken from the accounts of Plaintiff and other small businesses

42. Equity and good conscience require disgorgement and restitution.

## COUNT IV
## Declaratory and Injunctive Relief
## (N.C. GEN. STAT. § 1–253)

43. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein by reference.

44. . An actual controversy exists concerning Defendants' ability to collect PCI/"Safe-T" fees and to enforce the 2023 electronic agreement

45. Plaintiff seeks a declaration that:

a. The PCI/"Safe-T" fees are unlawful and unenforceable under North Carolina law;

b. The 2023 electronic agreement and arbitration clause are invalid and inapplicable to fees assessed before execution; and

c. Defendants must cease collecting such fees and refund amounts previously collected.

46. Plaintiff further seeks injunctive relief prohibiting Defendants from charging similar "compliance" or "program" fees without clear, opt-in written consent and specific pricing terms.

## PRAYER FOR RELIEF

Plaintiff, individually and on behalf of the Class, respectfully requests that the Court:

A. Certify the North Carolina Small Business Merchant Class under Rule 23 and appoint Plaintiff and its counsel to represent that Class;

B. Order a trial by jury on all issues so triable;

C. Award statutory, actual, and treble damages as authorized by law;

D. Order restitution and disgorgement of all improper fees;

E. Enter declaratory and injunctive relief as set forth above;

F. Award reasonable attorneys' fees, costs, and pre- and post-judgment interest; and

G. Grant such further relief as the Court deems equitable and just.