**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**Civil Action No. 1:26-cv-00717-DAB-JGM**

| | |
|---|---|
| DR. ROBERT D. FREEDLAND, DDS, P.A., *on behalf of itself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>ELAVON, Inc. and PAYCHEX, Inc.,<br><br>Defendants. | **DECLARATION OF MICHELE L. JACKSON IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO COMPEL ARBITRATION AND STAY LITIGATION AND IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY ON ARBITRABILITY AND FOR STAY** |

I, Michele L. Jackson, declare as follows:

1. I am an attorney duly admitted to practice law in the State of California, appearing in this action by special appearance on behalf of Plaintiff Dr. Robert D. Freedland, DDS, P.A. I am counsel of record for Plaintiff together with local counsel Christopher R. Bagley of Maginnis Howard.

2. I submit this declaration in support of Plaintiff's Memorandum of Law in Opposition to Defendants' Joint Motion to Compel Arbitration and Stay Litigation, ECF No. 11, and in support of Plaintiff's Motion for Leave to Conduct Limited Discovery on Arbitrability and for Stay.

3. I have personal knowledge of the facts set forth in this declaration, except where stated on information and belief, and if called as a witness I could and would testify competently to them.

4. Before Plaintiff filed the discovery motion referenced above, I attempted to resolve the parties' dispute over arbitrability discovery informally. On August 10, 2026, I sent a letter on Plaintiff's behalf to defense counsel requesting that Defendants agree to limited, targeted discovery on the threshold question of arbitrability, and to a corresponding extension of Plaintiff's deadline to respond to Defendants' Motion to Compel Arbitration. A true and correct copy of that letter is attached hereto as Exhibit C.

5. On August 13, 2026, I received a letter from Lindsay S. Johnson of Bryan Cave Leighton Paisner LLP, counsel for Defendants, responding to my August 10, 2026 letter. In that letter, Defendants refused both of Plaintiff's requests, disputed that any "factual gap" exists in the record, and offered only a seven-day courtesy extension of the then-operative August 19, 2026 response deadline. Defendants further stated that they would oppose any motion by Plaintiff seeking discovery or a stay of briefing, and took the position that any need for discovery could instead "be revisited in arbitration by the arbitrator, if appropriate." A true and correct copy of that letter is attached hereto as Exhibit D.

6. Before this action was filed, I corresponded with Elavon on Plaintiff's behalf regarding the fee practices at issue in this case. On July 9, 2025, I received a letter from Craig Troutman, Assistant/Vice President General Counsel of Elavon, Inc., responding to my earlier pre-suit correspondence. In that letter, Elavon asserted that Dr. Freedland is bound by an arbitration provision in Elavon's Terms of Service, and, in support of that assertion, attached and quoted from a document titled "Terms of Service" and dated October 2023. A true and correct copy of that letter, together with the Terms of Service document attached to it, is attached hereto as Exhibit E.

7. I was counsel of record for the plaintiff in *Vera v. US Bankcard Services, Inc.*, Case No. BC626185 (Cal. Super. Ct., L.A. Cnty.), the related California action referenced in the Fulton County order discussed in Plaintiff's Opposition. Attached hereto as Exhibit H is a true and correct copy of page 6 of the merchant documents I attached as an exhibit to the Vera Complaint. This page is the 2016 Elavon Merchant Application at issue in the David Vera case. I filed this Merchant Agreement attached to David Vera's class action complaint for damages on July 7, 2016.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 26, 2026, at Irvine, California.

/s/ Michele Jackson
MICHELE JACKSON